IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>    Plaintiff,<br><br>v.<br><br>ERIK EVANSON,<br><br>    Defendant. | Case No. CV-24-74-BLG-SPW-TJC<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff, North American Company for Life and Health Insurance ("North American"), and hereby files this Complaint for Declaratory Judgment, and in support thereof, respectfully states as follows:

**NATURE OF THE ACTION**

Plaintiff, North American Company for Life and Health Insurance ("North American"), hereby files this Complaint for Declaratory Judgment, and in support thereof, respectfully states as follows:

1. This is an action for a declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, wherein North American seeks a declaration establishing its rights and obligations pursuant to life insurance policy no. LB42236096 ("Policy") issued on the life of Defendant Erik Evanson ("Mr. Evanson") based on Mr. Evanson's material and/or fraudulent misrepresentation in his Application for the Policy.

2. North American is entitled to the relief it seeks because of a material and/or fraudulent misrepresentation or omission submitted by Mr. Evanson in the application for the Policy—upon which North American relied on in issuing the Policy—and the intentional concealment by Mr. Evanson of certain material facts the applicant knew and ought to have communicated to North American.

3. As a result, there is a current, existing justiciable controversy between North American and Mr. Evanson regarding whether a valid policy exists and whether any benefits are due.

## PARTIES

4. North American is a life insurance company incorporated and existing under the laws of the State of Iowa with its principal place of business in Iowa.

5. Defendant Evanson, the Insured, is a natural person, residing, upon information and belief, in Sidney, Montana.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions where: (1) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (2) there is complete diversity between the parties.

7. The amount in controversy requirement is met. The policy is a term life insurance policy for the face amount of $200,000. As this is an action seeking to

declare the validity of the policy, the value for purposes of amount in controversy is the policy's face amount as the object of the litigation.

8. Diversity of citizenship is also met. Mr. Evanson is a citizen of the state of Montana. North American is incorporated under the laws of the state of Iowa and has its principal place of business in the state of Iowa. Therefore, North American is a citizen of the state of Iowa.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to the claim occurred herein.

## FACTUAL BACKGROUND

10. On or about July 18, 2022, Mr. Evanson submitted an application (the "Application") to North American for a $200,000 term life insurance policy, insuring his life. A true and correct copy of the Application is attached hereto as Exhibit "1."

11. In completing the Application, Mr. Evanson was required to provide truthful and accurate information and responses.

12. North American relied upon the answers recorded in the Application in determining whether Mr. Evanson was insurable and qualified for the policy for which he was applying.

13. The Application required Mr. Evanson to accurately provide, represent, and disclose if in the past 12 months he had used "cigarettes, E-cigarettes, pipes, vapor products, snuff, chewing tobacco, nicotine or nicotine patches".

14. Mr. Evanson represented that he had not.

15. On July 18, 2022, in reliance upon the representations in the Application that had been certified as true by Mr. Evanson, North American issued the Policy on the life of Mr. Evanson.

16. The effective date of the Policy was July 18, 2022.

17. The Application was made part of the Policy upon its issuance.

18. After the Policy was issued, North American learned that Mr. Evanson misrepresented his medical history in the Application.

19. Mr. Evanson's medical records revealed that he uses tobacco daily. Mr. Evanson's tobacco use fell within the Application's 12-month inquiry prior to the submission of the Application.

20. Mr. Evanson never disclosed the aforementioned, accurate information to North American.

21. The misrepresentation or omission set forth on the Application was material, in that it induced North American to issue the Policy and substantially affected the hazard and risk assumed by North American.

22. Had Mr. Evanson truthfully represented his medical history, the Policy would not have been approved or placed in-force at the same rate class. Specifically, the Policy would have not been issued had North American known about his tobacco use history.

23. It was Mr. Evanson's intent to deceive North American into issuing the Policy in making the foregoing misrepresentation.

24. Mr. Evanson knew that his representation was false and that the information was material to North American given that this was a life insurance application requesting medical history.

25. Despite knowing that his representation was false and that it was important to answer the Application truthfully, Mr. Evanson opted to not disclose the information in order to obtain the life insurance policy he wanted.

26. On September 19, 2023, North American sent a letter to Mr. Evanson requesting to rescind the Policy based on the material misrepresentation and requesting his mutual agreement to do so. A true and correct copy of the September 19, 2023 letter is attached hereto as Exhibit "2."

27. Mr. Evanson did not respond to the September 19, 2023 letter.

28. On October 25, 2023, North American sent a second letter to Mr. Evanson to rescind the Policy based on the material misrepresentation and

5

requesting his mutual agreement to do so. A true and correct copy of the October 25, 2023 letter is attached hereto as Exhibit "3."

29. Mr. Evanson did not respond to the October 25, 2023 letter.

## COUNT I
## DECLARATORY JUDGMENT: RESCISSION OF POLICY DUE TO MATERIAL MISREPRESENTATION

30. North American hereby incorporates by reference each and every averment of fact contained in the preceding paragraphs.

31. Mr. Evanson made a material misrepresentation or omission to North American on the Application about his medical history and tobacco use history.

32. The Application was made part of the Policy upon its issuance.

33. Mr. Evanson knew of the falsity of this representation in the Application.

34. The misrepresentation in the Application was material and invoked North American's reliance; indeed, the material misrepresentation had a significant bearing upon North American's decision to issue a policy insuring the life of Mr. Evanson.

35. If Mr. Evanson had accurately disclosed his medical history and tobacco use history to North American, the Policy would not have been issued, and the Application would have been declined based on the material misrepresentation.

36. North American is entitled to a judicial declaration that, pursuant to Montana law, the Policy is void *ab initio*, as it was issued by North American in reliance upon a material misrepresentation made with the intent to deceive by Mr. Evanson, or, in the alternative, that the material misrepresentation or omission constitutes grounds for rescission of the Policy by North American.

### COUNT II
**DECLARATORY JUDGMENT: VOID *AB INITIO* DUE TO FRAUD**

37. North American hereby incorporates by reference each and every averment of fact contained in the preceding paragraphs.

38. Mr. Evanson made a fraudulent misrepresentation or omission to North American on the Application about his medical history.

39. The Application was made part of the Policy upon its issuance.

40. Mr. Evanson knew of the falsity of this representation in the Application, and it was his intent to deceive North American in causing it to issue the Policy.

41. Mr. Evanson's intent is evidenced by his tobacco use history and communications with his physician.

42. Mr. Evanson's medical history demonstrates he used tobacco daily within the 12-month inquiry prior to the submission of the Application.

43. Despite conferring with his physician about his daily tobacco use history and receiving his diagnosis before completing the Application, Mr. Evanson did not disclose that information in the Application.

44. The misrepresentation in the Application was material and invoked North American's reliance; indeed, the fraudulent misrepresentation had a significant bearing upon North American's decision to issue a policy insuring the life of Mr. Evanson.

45. If Mr. Evanson had accurately disclosed his medical history to North American, the Policy would not have been issued, and the Application would have been declined based on the misrepresentation.

46. North American is entitled to a judicial declaration that, pursuant to Montana law, the Policy is void *ab initio*, as it was issued by North American in reliance upon a fraudulent misrepresentation made with the intent to deceive by Mr. Evanson, or, in the alternative, that the fraudulent misrepresentation constitutes grounds for rescission of the Policy by North American.

## RELIEF REQUESTED

WHEREFORE, North American respectfully requests the entry of an Order by this Court declaring:

A. Whether the Policy is void *ab initio*, or in the alternative, whether North American may rescind the Policy;

B. Whether North American is awarded attorneys' fees and costs associated with seeking this judgment. *See* Mont. Code § 27-8-313 ("Further relief based on declaratory judgment or decree may be granted whenever necessary or proper.") *Compton v. Alcorn,* 171 Mont. 230 (Mont. 1976) (granting attorney fees in action for rescission); *Bartmess v. Bartmess*, 196 Mont. 231 (Mont. 1982) (granting attorney fees in action that was based on a contract that was void *ab initio*); and

C. Whether North American is granted such further relief as this Court deems appropriate.

Dated: June 20, 2024              Respectfully submitted,

                                        */s/ Benjamin A. Blair*
                                        Benjamin A. Blair (Atty. No. 14090)
                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                        300 N. Meridian Street, Suite 2500
                                        Indianapolis, IN 46204
                                        Tel: (317) 237-1206
                                        Email: benjamin.blair@faegredrinker.com

                                        *Attorney for Plaintiff North American Company For Life And Health Insurance*